UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROLAND THOMAS MARTINO and
LESA MARIA MARTINO,

    Petitioners,

v.                                                                Case No: 8:21-cv-1636-KKM-JSS

PAMELA CAMPBELL,
CHRISTOPHER SCALZI, and
MEMBERS TRUST COMPANY, FSB,

    Respondents.
_____

## ORDER

    Petitioner Lisa Maria Martino brings this habeas petition on behalf of her father, Roland Thomas Martino, who is currently incapacitated. Petitioner alleges that Mr. Martino is "being confined" at an assisted living facility in Tampa, Florida. She claims that Mr. Martino is under the care of a guardian, Respondent Christopher Scalzi, by order of the Honorable Pamela Campbell of the Sixth Judicial Circuit Court for Pinellas County. Petitioner brings claims under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1986, and 28 U.S.C. § 2254, seeking many forms of relief, including removal of the guardians, restraining orders, nullification of the Florida state court orders, an order referring the case to federal law enforcement agencies for criminal

investigation, and the immediate release of Mr. Martino to the custody of Petitioner. (Doc. 1 at 24.) In addition to the petition for writ of habeas corpus, Petitioner has also moved to proceed in forma pauperis, (Doc. 4), to add an additional respondent, (Doc. 14), and has moved for a temporary injunction, (Doc. 15).

The Magistrate Judge issued a report recommending that the Court deny Petitioner's motion to proceed in forma pauperis, dismiss the habeas petition, and deny the motion for emergency relief. (Doc. 16.) Specifically, the Magistrate Judge concluded that this Court lacks subject matter jurisdiction because the case falls within the probate exception to federal jurisdiction; Petitioner is seeking federal review of state court proceedings to administer the estate of an incompetent person. Concerning Petitioner's claims against Judge Campbell, the Magistrate Judge concluded that these claims are barred by the Eleventh Amendment and that Judge Campbell enjoys absolute judicial immunity. In addition, the Magistrate Judge concluded that federal habeas relief is not available to remedy or challenge state court judgments involving guardianship proceedings. The Magistrate Judge also found that Petitioners' filing constituted a shotgun pleading and Petitioner had not shown she is entitled to emergency relief. Petitioner filed objections to the Report and Recommendation. (Doc. 20.)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report

and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review as to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

After a careful and complete review of the findings and recommendations, the Court concludes that the motion to proceed in forma pauperis should be denied and the petition should be dismissed for the reasons stated in the Magistrate Judge's Report. (Doc. 16.) This Court lacks jurisdiction to review state court proceedings to administer the estate of an incompetent person under the probate exception. *See Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *Sarhan v. Rothenberg*, No. 07-22818-civ-LENARD, 2008 WL 2474645, at *3 (S.D. Fla. June 17, 2008) (concluding a person deemed incompetent by the state is within the state court's control and outside the reach of federal jurisdiction). The Eleventh Amendment bars any claim against Judge Campbell in her official capacity and she is also entitled to absolute judicial immunity. *See Martino v. Campbell*, 2020 WL 2307559, *2–*3 (M.D. Fla. May 8, 2020) (Covington, J.). Federal habeas relief is not available to remedy or challenge state court judgments involving guardianship proceedings. *Sarhan*, 2008 WL 2474645, at *6. Petitioner's filing is a shotgun pleading because it

3

contains numerous conclusory, vague, and immaterial facts that do not obviously relate to a cause of action and fails to clearly separate the various claims and specify which factual allegations belong with which claims. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Further, Petitioner is not entitled to proceed pro se in an action brought on behalf of another. *See Conner v. Pa. Nat. Mut. Cas.*, No. 07-14301-civ, 2008 WL 2944662, at *1 (S.D. Fla. July 31, 2008); *Sarhan*, 2008 WL 2474645, at *5 n.1. Finally, assuming the Court could grant the injunctive relief Petitioner requests, Petitioner is not entitled to that relief because, among other things, she has not established a "substantial likelihood of success on the merits" of her petition. *Parker v. State Bd. Of Pardones & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). And because the petition is due to be dismissed for a host of reasons, Petitioner's request to add a respondent is moot. (Doc. 14), as the Magistrate Judge correctly recommended, (Doc. 17).

The following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendations (Doc. 16, 17) are **ADOPTED** and made a part of this Order for all purposes, including appellate review.

2. Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 4) is **DENIED without prejudice**.

3. The Petition (Doc. 1) is **DISMISSED with prejudice** insofar as Petitioner

4

brings claims against Judge Campbell that are barred by the Eleventh Amendment and the doctrine of judicial immunity.

4. The Petition is otherwise **DISMISSED without prejudice** and with leave to file a petition or complaint that establishes the Court's jurisdiction and complies with the Federal Rules of Civil Procedure. If Petitioner chooses to file an amended pleading, she must do so within 30 days, making any amended pleading due no later than **December 1, 2021**. Failure to file a timely amended pleading will render this order a final judgment for appellate purposes and divest this Court of jurisdiction to entertain any pre-judgment motions.

5. Petitioner's Motion to Add Party (Doc. 14) and Motion for Preliminary Injunction are (Doc. 15) are **DENIED** as moot.

**ORDERED** in Tampa, Florida, on November 1, 2021.

Kathryn Kimball Mizelle
United States District Judge